UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROSLYN ROBINSON,<br>   *Plaintiff*,<br><br> v.<br><br>PRINCE WILLIAM-MANASSAS<br>REGIONAL ADULT DETENTION<br>CENTER,<br>   *Defendant*. | 1:22-cv-00744-MSN-JFA |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("MTD") (Dkt. No. 7). Plaintiff, proceeding *pro se*, received a proper *Roseboro* notice pursuant to Local Civil Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See* MTD at 2. Plaintiff has filed no opposition to the motion to dismiss and the time to do so has expired. Both parties waived oral argument (*see* Dkt. Nos. 9–10), and the Court concludes that oral argument would not materially aid the decisional process. *See* Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J). For the reasons set forth below, the Court will grant Defendant's motion to dismiss.

**I. Background**

 **A. Procedural History**

On July 1, 2022, Plaintiff filed a complaint alleging employment discrimination on the basis of race and gender against her former employer, the Prince William-Manassas Regional Adult Detention Center. (Dkt. No. 1). A summons was issued, but on July 5, 2022, Plaintiff returned the summons unexecuted because she "submitted the wrong documents." (Dkt. No. 3)

at 2. On the same day, she filed an amended complaint ("Am. Compl.") (Dkt. No. 4)[1] alleging various violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 41 C.F.R. § 60-20.8 (addressing harassment and hostile work environments), and Section 10.1 of Prince William County's Code of Ordinances (addressing human rights and unlawful discrimination). *See* Am. Compl. at 1. Plaintiff seeks damages of $10 million, "potential attorney fees," additional damages "of an unknown amount," and other forms of relief. *See id.* at 6.[2]

Defendant filed the instant motion to dismiss with a *Roseboro* notice on August 4, 2022, *see* MTD at 1, and a waiver of oral argument on August 8, 2022 (Dkt. No. 9). On September 19, 2022, nearly a month after the 21-day deadline to file an opposition had expired, Plaintiff filed her own waiver of oral argument, "submit[ting] the case on the record and the briefs" (Dkt. No. 10), and a Memorandum in Support of Amended Complaint ("Pl. Memo") (Dkt. No. 11). This three-paragraph memorandum asks the Court to consider new factual allegations "in addition to the amended complaint" but makes no mention of, nor addresses in any way, Defendant's motion to dismiss. Pl. Memo at 1.[3] As of the date of this Order, Plaintiff has neither filed an opposition nor requested an extension of time to do so. Accordingly, this matter is ripe for disposition.

---

[1] The Amended Complaint was properly served. (*See* Dkt. No. 6).

[2] To the extent that Plaintiff's Amended Complaint conflicts with her original pleading, the Court notes that an amended complaint supersedes the original pleading and renders the original "of no legal effect." *Young v. City of Mount Rainier*, 238 F.3d 567, 572 (4th Cir. 2001); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .").

[3] Plaintiff's Memorandum in Support of Amended Complaint alleges new facts that Defendant "submitted multiple suspicious documents during the EEOC process." Pl. Memo at 1. The memorandum also alleges Prince William County Sheriff's Office somehow gave the Defendant "extra time to deflect and point the finger towards others" by serving the Amended Complaint early. *Id.* Finally, Plaintiff alleges she believes she is "being followed" because of her lawsuit. *Id.* at 1–2. "When matters outside the pleadings are presented to and not excluded by the court, the 12(b)(6) motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). The Court therefore excludes these new allegations and proceeds with the motion to dismiss under Rule 12(b)(6).

### B. Factual Allegations

Plaintiff is a Black female who was employed as a jail officer for Defendant from November 2, 2020, until her termination on October 15, 2021. Am. Compl. at 1. As part of her employment, plaintiff began the Prince William County Jail Basic Academy on August 9, 2021. *Id*. On August 16, 2021, Plaintiff alleges that a trainer was demonstrating a pat-down exercise on a peer male recruit and made multiple inappropriate comments about the recruit's physique. *Id*. at 2. On August 24, 2021, the same trainer smashed his own head into a wall, leaving a dent. *Id*. On September 1, 2021, the trainer made inappropriate comments during a class on firearm cleaning. *Id*.

While taking part in a driving course on October 5, 2021, Plaintiff was accused of speeding while driving with another recruit in the vehicle. *Id*. Plaintiff admits to causing the vehicle to fishtail during the driving test. *Id*. at 3. Plaintiff and the passenger recruit were then reassigned to a different driving course. *Id*. at 2. The next day the instructor pulled Plaintiff and the passenger aside, and accused Plaintiff of driving 60 miles per hour, spinning out the vehicle, and causing it to shut off. *Id*. at 3. Plaintiff alleges that she was dismissed from the driving course, while the passenger recruit, who was male, was permitted to return to the course. *Id*. Separately, Plaintiff alleges that another male recruit was permitted to join her driving course after having been removed from the academy. *Id*. at 2.

On October 7, 2021, Plaintiff was called into a meeting with Defendant's management. *Id*. at 3. The prison officials told her she was driving recklessly and could either resign or be fired, to which she replied, "you can fire me." *Id*. She was ordered to meet with another prison official the following morning. Plaintiff alleges that this meeting was recorded, and that she told the officials about the driving incident, as well as the inappropriate conduct of the trainer. *Id*. This was the first

3

time Plaintiff raised any complaints to prison officials about the trainer. *Id*.; *see also* Memorandum in Support of Motion to Dismiss (Dkt. No. 8) at 5. According to Plaintiff, the conversation grew heated and one of the officials yelled in plaintiff's face without a face covering. Am. Compl. at 3. Plaintiff was not permitted to leave the room and was ordered to empty her pockets. *Id*. Plaintiff later requested the audio recording from this meeting but was denied. *Id*. at 4.

On October 15, 2021, Plaintiff and three other Black female recruits were told they had the choice to either resign or be terminated. *Id*. The other three recruits opted to resign, but Plaintiff refused and was terminated. *Id*. Plaintiff brought a charge with the Equal Employment Opportunity Commission and was issued a Notice of Right to Sue letter on April 11, 2022. *See* Compl. at 30.[4] She then filed this action in federal court.

## II.     Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must accept all the factual allegations in the complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Courts are to "construe *pro se* complaints liberally" so as not to preclude litigants from court based on "technical niceties," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); nevertheless, courts "cannot act as a *pro se* plaintiff's advocate and develop, *sua sponte*, statutory and constitutional claims that plaintiff failed to clearly raise on the face of the complaint." *Burr v. Campbell*, No. 3:21-cv-403, 2022 WL

---

[4] The Court notes that plaintiff failed to attach her EEOC letter to her Amended Complaint; however, it was included in the original Complaint. (*Compare* Dkt No. 1 *with* Dkt No. 4). Although failure to attach the EEOC letter to the amended complaint is grounds for dismissal, *see* 42 U.S.C. § 2000e-5(e); *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994), the Court will assume plaintiff intended to attach the letter to both complaints and will not dismiss the matter on this technicality. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Hunter v. Prince George's Cnty.*, 36 F. App'x 103, 105 (4th Cir. 2002).

982236, at *2 (E.D. Va. Mar. 30, 2022) (citing *Brock v. Carroll*, 107 F.3d 241 (4th Cir. 1997)). "Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint of no effect." *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (internal quotations omitted).

With respect to Title VII claims, the Court is bound by the scope of the allegations in the complainant's EEOC charge. *See, e.g.*, *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) ("[I]n any subsequent lawsuit alleging unlawful employment practices under Title VII, a federal court may only consider those allegations included in the EEOC charge."). If a plaintiff's Title VII claims "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Id*. Any claims outside the EEOC charge will not meet the exhaustion requirements, and therefore would be beyond a federal court's jurisdiction. *See id*.

Where, as here, a plaintiff does not challenge the legal arguments of the motion to dismiss with an opposition brief, she "waives the right to contest the arguments made therein." *Prince v. Clarke*, No. 2:17-cv-007, 2018 WL 2033700, at *6 (E.D. Va. Mar. 21, 2008) (citing *Westry N. Carolina AT&T State Univ.*, 286 F. Supp. 597, 600 (M.D.N.C. 2003), *aff'd*, 94 F. App'x 184 (4th Cir. 2004)). However, even if a plaintiff does not oppose the motion to dismiss, "the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).

### III. Discussion

#### A. Constructive Discharge by Hostile Work Environment

To raise a prima facie claim of hostile work environment, a plaintiff must allege: (1) there was unwelcomed harassment; (2) it was based on her protected class status; (3) there was

5

sufficiently severe or pervasive conduct to alter the conditions of her employment and to create an abusive work environment; and (4) that is imputable to her employer. *Pryor v. United Air Lines, Inc.*, 791 F.3d 488, 495–96 (4th Cir. 2015). Whether the environment is hostile or abusive is "judged from the perspective of a reasonable person in the plaintiff's position." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). The Court must consider all of the circumstances, which "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 191 (4th Cir. 2019).

Assuming, without deciding, that Plaintiff has sufficiently alleged unwelcomed harassment to satisfy the first element articulated in *Pryor*, she crucially fails to satisfy the second element: none of the alleged unwelcome conduct is clearly attributable to her protected status of being either Black or female. The trainer's or prison officials' comments in the pat-down exercise and the firearms lab, while inappropriate, do not invoke race or gender at all. *See* Am. Compl. at 2; *see also Carter v. Virginia Dept. of Games & Inland Fisheries*, No. 3:16-cv-661, 2017 WL 4413192, at *15 (E.D. Va. Sept. 29, 2017) (dismissing hostile work environment claim where unwelcome conduct was not motivated by protected status). "[C]omplaints premised on nothing more than rude treatment by [coworkers], callous behavior by [one's] superiors, or a routine difference of opinion and personality conflict with [one's] supervisor, are not actionable under Title VII." *Mustafa v. Iancu*, 313 F. Supp. 3d 684, 695 (E.D. Va. 2018) (citing *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008)).

Furthermore, Plaintiff cannot assert a hostile work environment claim on her own behalf based on observing unwelcome conduct directed at others. *See Carter*, 2017 WL 4413192, at *15.

The fact that four Black female recruits were all forced to resign or be terminated does not create the necessary link between the earlier unwelcome conduct and their status as members of a protected class. *See* Am. Compl. at 4. Because the Court finds that Plaintiff has failed to allege sufficient facts to demonstrate that the unwelcomed conduct was based on her being Black or female, the analysis cannot proceed further. In other words, the Court can look only to the alleged *discriminatory* conduct to determine whether it was sufficiently severe or pervasive to create an abusive work environment, but here, no instances of discriminatory conduct are sufficiently alleged. For these reasons, the hostile work environment claim must be dismissed.

### B.  Unlawful Termination

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment because of such individual's race." 42 U.S.C. § 2000e-2(a). Complainants can establish their Title VII claim with either direct evidence of discrimination or through circumstantial evidence under the burden-shifting scheme established in *McDonnell Douglas v. Green*, 411 U.S. 792, 802–05 (1973). "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010). Courts "may look to the requirements of a prima facie case as a guide in assessing the plausibility of plaintiff's claim for relief." *Craft v. Fairfax Cnty.*, No 1:16-cv-86, 2016 WL 1643433, at *4 (E.D. Va. Apr. 26, 2016) (citing *Coleman*, 626 F.3d at 190)).

Plaintiff's allegations falter on the second and fourth elements of the prima facie case. First, it is not clear even from Plaintiff's own recitation of the facts that she had satisfactory job

performance before her termination. She concedes that she at least was "fishtail[ing]" during the driving course, which calls into question whether her performance was satisfactory and potentially provides legitimate grounds for termination. Am. Compl. at 3. With respect to the fourth element, Plaintiff's allegations are conclusory rather than factual as to whether she was treated differently because of her protected class status. *See id*. "When a plaintiff's allegations, as here, are based completely upon a comparison to an employee from a non-protected class, the validity of the plaintiff's prima facie case depends upon whether that comparator is indeed similarly situated." *Thomas v. City of Annapolis, Md.*, 851 F. App'x 341, 347 (4th Cir. 2021). A comparator must be the same "in all relevant respects." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010). "Such a showing would include evidence that the employees dealt with the same supervisor, were subject to the same standards and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Thomas*, 851 F. App'x at 347.

Plaintiff explicitly states "[m]y performance during the academy was as good as the male and or white recruits. I was removed from the driving course while a male recruit with the same infraction was not removed." Am Compl. at 3. Through these allegations, Plaintiff attempts to establish a comparator theory of disparate treatment. However, missing from the complaint is any of the evidence that Plaintiff and the comparator "male and or white recruits" were in fact similarly situated, reported to the same supervisors, and engaged in the same conduct without any mitigating circumstances that could explain the disparate treatment. *See Thomas*, 851 F. App'x at 347. The amended complaint provides the conclusion but does not provide the factual support necessary to reach that conclusion. While the Court is to construe Plaintiff's *pro se* complaint liberally, it cannot

develop claims where they have not been sufficiently pled. Accordingly, the unlawful termination claim under Title VII should be dismissed.

### C. Lack of Subject Matter Jurisdiction as to Other Claims

Having dismissed Plaintiff's two federal claims under Title VII, the Court finds there is no subject matter jurisdiction for the state law claims under 28 U.S.C. § 1331. Plaintiff made no factual allegations to support diversity of citizenship for diversity jurisdiction. Although the Court may exercise supplemental jurisdiction over state law claims when it "dismisse[s] the claims over which it has original jurisdiction," 28 U.S.C. § 1367(c), it is within the Court's discretion whether "to retain jurisdiction over state claims when federal claims have been extinguished." *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 203 (4th Cir. 1997); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (encouraging federal courts not to rule on state law claims unnecessarily). The Court declines to exercise supplemental jurisdiction over the remaining state law employment, negligence, and unlawful detention claims. The Court therefore dismisses all of plaintiff's remaining claims for lack of subject matter jurisdiction.

### IV. Conclusion

The Court dismisses Plaintiff's hostile work environment and unlawful termination claims under Title VII for failure to state a claim, and subsequently dismisses Plaintiff's remaining claims for lack of subject matter jurisdiction. Accordingly, for the reasons stated above, Defendant's motion to dismiss (Dkt. No. 7) is GRANTED and it is hereby

ORDERED that Plaintiff's amended complaint (Dkt. No. 4) is DISMISSED.

To appeal this decision, Plaintiff must file a written Notice of Appeal with the Clerk of this Court within sixty (60) days of the date of the entry of this Order. A written Notice of Appeal is a short statement stating a desire to appeal an order and identifying the date of the order Plaintiff

wants to appeal. Failure to file a timely Notice of Appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment in Defendants' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record and plaintiff *pro se*, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

November 18, 2022
Alexandria, Virginia